UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR CRUZ DIAZ,
v.                                              CASE NUMBER: 98-1598 (DRD)
CLAIRE STORES, INC.

## ORDER

On August 1, 2000, the Court issued an Order which reads as follows:

> "On July 17, 2000, the Court issued an Order which reads as follows:
> The instant case was removed on June 1, 1998. (Docket No. 1). The Defendant, Claire Stores, Inc., filed an Answer on that same date. (Docket No. 2). On June 8, 1998, Defendant submitted certified translations. (Docket No. 3). The record does not show another docket entry in over two years and not one filing by Plaintiff. Therefore, the Court hereby **ORDERS** Plaintiff to **SHOW GOOD CAUSE by July 31, 2000**, why this case should not be dismissed for lack of prosecution. Failure to comply with this Order shall result in dismissal of this case. **NO EXTENSIONS SHALL BE GRANTED**.
> (Docket No. 4). The Plaintiff has failed to respond. Therefore, the Court hereby **DISMISSES** this case **WITH PREJUDICE** for Plaintiff's unjustified inactivity in the prosecution of this case, and failure to comply with the Court's unambiguous Order."

(Docket No. 5). A judgment was issued in accordance with the August 1, 2000 Order that same day. (Docket No. 6). Attorney, Edna I. Beltan-Silvagnoli, filed a motion that the Court considers good cause for the Plaintiff's failure to timely respond to the July 17, 2000 Order to Show Cause. (Docket No. 7). However, the motion does not explain Plaintiff's lack of diligence and failure to prosecute this case.

To rectify this obvious deficiency, the Plaintiff filed a motion requesting the Court to reconsider its judgment and dismissal (Docket No. 8), and a motion in compliance with the Order to Show Cause and requesting dismissal pursuant to FED.R.CIV.P. 41(a)(1)(ii). (Docket No. 9). First, the motion for reconsideration does not delineate sufficient facts to put the Court in a position to reconsider its dismissal due to lack of prosecution. Second, even if the Plaintiff had requested the dismissal of Plaintiff's federal cause of action, this case would not have been dismissed in its entirety because removal and this Court's jurisdiction are based on both federal question and diversity jurisdiction. (Docket No. 1). And, as for the request for dismissal pursuant to FED.R.CIV.P. 41(a)(1)(ii) no stipulation of dismissal signed by the parties was filed. Wherefore, the Plaintiff is **GRANTED** until **August 18, 2000** to supplement the record as directed. Absolutely **NO** extension shall be entertained and will be summarily stricken.

IT IS SO ORDERED.

Date: August 9, 2000                           DANIEL R. DOMINGUEZ
P:\PEACHORD ERS\98-1598 ORD                    U.S. District Judge

Rec'd:          EOD:

By:          #  10